# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID ELIJAH BOWERS, JR.,**

    Plaintiff,

-vs-                                            Case No. 16-CV-331

**BRIAN FOSTER, TONY MELI,
WILLIAM POLLARD, LT. LARSEN,
SGT. BRADLEY, BELINDA SCHRUBBE,
DR. MANLOVE, DR. TODD CALISTER,
and KELLY MARWITZ,**

    Defendants.

## SCREENING ORDER

The *pro se* plaintiff, a Wisconsin state prisoner, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. He also seeks a "TRO injunction" due to "imminent danger." (Dkt. No. 1 at 7.) This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*.

On March 21, 2016, the Court assessed an initial partial filing fee of $2.13. The plaintiff has filed a request to waive the initial partial filing due to his allegations of imminent danger. (Dkt. No. 7.) Under the circumstances, and upon further review of the plaintiff's trust account statement, the Court will grant the plaintiff's request and allow the case to proceed without payment of the initial partial filing fee. *See* 28 U.S.C.

§ 1915(b)(4).

The plaintiff has accumulated three "strikes," meaning that on three prior occasions, he had a case or appeal dismissed as frivolous, malicious, or for failure to state a claim.[1] *See* 28 U.S.C.§ 1915(g). However, the plaintiff alleges that he is under imminent danger of serious physical injury. Thus, the plaintiff falls under the imminent danger exception to the three-strikes rule and he may proceed *in forma pauperis* even though he has accumulated three strikes. *See id.*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.*

---

[1] The plaintiff has accumulated strikes as follows: (1) *Bowers v. McGinnis*, Case No. 1:08-cv-00888-WCG (E.D. Wis.), dismissed for failure to state a claim on October 27, 2008; (2) *Bowers v. Thurmer*, Case No. 2:10-cv-00063-JPS (E.D. Wis.), dismissed as frivolous on October 6, 2010; (3) *Bowers v. Husz*, Appeal No. 09-1711 (7th Cir.), frivolous appeal dismissed on June 16, 2009.

*Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

- 3 -

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

- 4 -

construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Complaint Allegations

The plaintiff is incarcerated at Waupun Correctional Institution. He alleges that on January 28, 2016, "staff" retaliated against him by placing him around dangerous inmates who have mental illnesses and behavioral problems. When he was working as a prison trustee, the plaintiff got into a confrontation with another inmate, named Trippelet, who is a known gang member. The plaintiff told defendant Bradley about the confrontation and he asked to be moved to another cell hall or to protective custody. The plaintiff's requests were ignored. Later that day, inmate Trippelet brutally attacked the plaintiff and stabbed him in the hand with a prison shank. Defendant Bradley just stood there for five minutes and watched as the plaintiff was brutally attacked.

Eventually, Bradley called his supervisor, defendant Larson. When defendant Larson arrived he tasered the plaintiff, using excessive force. The plaintiff was taken to the medical officer, defendant Belinda Schrubbe, who simply put band-aids on the plaintiff's stab wounds, effectively denying him medical treatment.

The plaintiff requested a "special placement need" from defendants

- 5 -

Marwitz and Meli, to avoid being murdered by gang members, but his request was ignored. Defendants Meli, Marwitz, and Foster plan to place the plaintiff back around dangerous inmates who are trying to murder him, and the plaintiff requests a temporary restraining order to avoid that.

The plaintiff has bolts and staples in his right arm from a previous injury. On March 7, 2016, because of the attack from inmate Trippelet, the metal bolts and staples came loose and penetrated the outside of the plaintiff's arm, causing excruciating pain. Defendants Schrubbe and Dr. Manlove are denying him medical treatment for the condition.

The plaintiff alleges that on October 27, 2014, defendant Dr. Callister gave him psychotropic medication that made him develop female breasts. Dr. Callister is still prescribing the plaintiff this medication, and the plaintiff has large, swollen breasts. Defendant Dr. Manlove is denying him medical treatment to remove the female breasts.

The plaintiff claims that the defendants have violated his rights under the Eighth and Fourteenth Amendments. For relief, he seeks an immediate transfer to the custody of the Milwaukee County Sheriff or the Brown County Sheriff due to imminent danger on the Behavioral Health Unit at WCI. The plaintiff also seeks monetary damages.

The Court finds that the plaintiff may proceed on a failure to protect

claim against defendant Bradley related to the attack from inmate Trippelet; an excessive force claim again defendant Larson for allegedly using excessive force on the plaintiff after he was called to the confrontation with inmate Trippelet; a deliberate indifference to a serious medical need claim against defendant Schrubbe for allegedly failing to properly treat his injuries after the confrontation; failure to protect claims against defendants Meli, Marwitz, and Foster for allegedly placing the plaintiff back around dangerous gang member inmates who want to murder him; and a deliberate indifference to a serious medical need claim against defendants Schrubbe and Dr. Manlove for allegedly failing to treat the plaintiff's arm injury resulting from the confrontation with inmate Trippelet.

The plaintiff may not proceed on a retaliation claim because he does not allege that any specific defendant retaliated against. He also may not proceed against a claim against Dr. Calister and Dr. Manlove related to the side effects of his psychotropic medication because the claim is unrelated to his other claims. In addition, the plaintiff may not proceed against defendant Pollard because he does not allege that Pollard had any personal involvement in his claims. The Court will therefore dismiss defendants Callister and Pollard from this lawsuit.

## Motion for TRO

As stated above, the plaintiff filed a request for a "TRO injunction" due to imminent danger. (Dkt. No. 1 at 7.) The plaintiff requests that the Court transfer him to the custody of the Milwaukee County Sheriff or the Brown County Sheriff due to the imminent danger he faces if he remains at the Waupun Correctional Institution. The plaintiff asserts that the defendants plan to house him around inmates who want to murder him. The Court will direct the defendants to respond to these assertions within ten days of the date of this order.

## Motion To Amend Complaint

On March 28, 2016, the plaintiff filed a motion to amend the complaint. His filing is a supplemental complaint adding three new defendants: Sergeant Cushing, Sergeant Schouten, and Captain Haynes. The plaintiff alleges that these new defendants have conspired to injure him by poisoning his food and threatening to get other offenders to murder him due to his federal litigation against them.

According to the plaintiff, on March 24, 2016, Schouten and Cushing put poison in his food, to try to induce him to have a heart attack and cause death. The plaintiff ate some of the food, which caused his mouth to bleed, and he chipped his tooth on pieces of razor blades and rocks that were

- 8 -

placed into his food.  In addition, there was an odd clear liquid at the bottom of the food that made the plaintiff's heart beat excessively fast and skip multiple beats.  The plaintiff vomited blood and fainted.  Cushing, Schouten, and Haynes laughed at the plaintiff and denied him medical attention, stating "you shouldn't be trying to sue us in federal court and those things won't happen[.]"  (Dkt. No. 7 at 2.)  The three officials denied the plaintiff's request for a medical emergency and continued to taunt the plaintiff while he was vomiting blood, and demanded that he drop his civil lawsuit or he would be murdered by other offenders.

The plaintiff also alleges that he is housed in inhumane conditions of confinement because of filing complaints on Cushing, Schouten, and Haynes.  (Dkt. No. 3.)

The plaintiff may file an amended complaint once as a matter course within 21 days after serving the original complaint.  Fed. R. Civ. P. 15(a)(1)(A).  However, the plaintiff did not file an amended complaint.  Rather, he filed what appears to be a proposed supplement to the complaint.  Although the Federal Rules of Civil Procedure provide for the filing of supplement pleadings, the plaintiff's filing alleges new claims against new defendants.  These claims are not subject to joinder with the claims in the original complaint.  *See* Fed. R. Civ. P. 20(b)(2).  Therefore,

- 9 -

Case 2:16-cv-00331-LA   Filed 05/06/16   Page 9 of 12   Document 10

the Court will deny the plaintiff's motion.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants respond to the plaintiff's request for a TRO injunction from his complaint within ten days of the date of this order.

**IT IS FURTHER ORDERED** that defendants Todd Calister and William Pollard are **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to waive IPFF (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Dkt. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court,

the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be

required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**