# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID ELIJAH BOWERS, JR.,
      Plaintiff,

    v.                                                                           Case No. 16-C-0331

BRIAN FOSTER, et al.,
      Defendants.

## DECISION AND ORDER

When the plaintiff filed this action, he was an inmate at Waupun Correctional Institution ("WCI"). (He has since been released from prison.) He alleges various claims against staff at WCI, including that they failed to protect him from an attack by a fellow inmate. During an earlier stage of this case, the plaintiff filed a motion for a temporary restraining order and a preliminary injunction. In this motion, he alleged that staff at WCI was placing him in imminent danger, and he requested a transfer to a different institution. In responding to this motion, the defendants submitted evidence showing that the plaintiff had been transferred to the Wisconsin Resource Center, which is a mental health facility operated as a prison by the Wisconsin Department of Health Services. The defendants argued that because the plaintiff was no longer being housed at WCI, his request for preliminary relief was moot.

After the defendants filed their response to the motion for preliminary relief, the plaintiff filed a motion for judgment on the pleadings along with three purported declarations from staff at the Wisconsin Resource Center. The motion for judgment on the pleadings discusses the merits of the plaintiff's claims and does not appear to be connected to the motion for preliminary relief. However, the three purported

declarations seem to be aimed at rebutting the defendants' argument that the request for preliminary relief was moot because the plaintiff had been transferred to the Wisconsin Resource Center. Each purported declaration states that staff at the Wisconsin Resource Center recommends that the plaintiff be transferred back to WCI. *See* ECF Nos. 22, 23 & 24. These purported declarations were obviously drafted by the plaintiff, as they are handwritten and the penmanship matches that of the plaintiff's other handwritten filings. The declarations are not signed by the declarants. Rather, the plaintiff used the symbol "/s/" on each declaration, which is used to represent that the declarations were signed on behalf of each declarant with the declarant's permission.

Judge Randa, to whom this case was assigned before it was transferred to me, denied the plaintiff's motion for preliminary relief as moot on the ground that the plaintiff was no longer housed at WCI. Judge Randa did not discuss the three purported declarations.

After Judge Randa denied the motion, the defendants filed a motion to dismiss this case with prejudice as a sanction for filing the purported declarations. The defendants submit actual declarations from each of the three purported declarants in which they state that they did not give the plaintiff permission to prepare, sign, or file the purported declarations. Two of these declarants, Jodi Heintz and Ashley Spiegelberg, state that they did not know about the purported declarations until counsel for the defendants told them they had been filed. They state that they did not sign the purported declarations, grant permission to the plaintiff to sign the declarations on their behalf, or otherwise authorize the plaintiff to file the declarations. The third declarant, Dee Kapitzke, states that the plaintiff showed her a copy of the declaration before he

2

filed it, but that she told the plaintiff that he should not have created the document. She further states that she did not authorize the plaintiff to file the document in her name, and that the document falsely represents that staff at the Wisconsin Resource Center recommended that the plaintiff be returned to WCI.

In response to the defendants' motion for sanctions, the plaintiff filed a brief in which he contends that the three declarants gave him permission to file the purported declarations. The plaintiff makes this contention in his unsworn brief and does not swear under penalty of perjury that he received permission from the declarants to file declarations on their behalf. He does file an affidavit along with his brief, but the affidavit simply attempts to authenticate another document—a "release/transfer summary" about him from the Wisconsin Resource Center—that he claims was prepared by Heintz and Spiegelberg. Because the plaintiff's unsworn assertions in his brief are not evidence, *see, e.g., Box v. A&P Tea Co.*, 772 F.2d 1372, 1379 n.5 (7th Cir. 1985), I may not consider them in resolving the defendant's motion for sanctions.

In any event, the plaintiff's statements in his brief would not help him even if they were included in an affidavit or a declaration made under penalty of perjury. With respect to Kapitzke, the plaintiff claims that he spoke with her and gave her a copy of the declaration he drafted and then received her permission to file the declaration with the court. This claim is obviously false. The declaration that the plaintiff filed identifies Kapitzke as "Dee Penlinski." If Kapitzke had indeed reviewed and approved the declaration, she certainly would have noticed that her name had been badly misspelled and corrected that error. Moreover, if in fact the plaintiff showed the declaration to Kapitzke and she authorized him to file it, she would have just signed it herself. There

3

would have been no need for the plaintiff to sign it on her behalf using the "/s/" symbol. Thus, the plaintiff is obviously lying when he says that Kapitzke granted him permission to file the declaration on her behalf. No evidentiary hearing is needed to confirm that the plaintiff is lying, since under these circumstances, no reasonable person could believe him. *See Seshadri v. Kasraian*, 130 F.3d 798, (7th Cir. 1997) ("testimony can and should be rejected without a trial if, in the circumstances, no reasonable person would believe it").

The plaintiff does not even claim that he showed Heintz and Spiegelberg the declarations he drafted in their names or received their permission to file them. Rather, he points out that Heintz and Spiegelberg gave him the "release/transfer summary" that he attached to his affidavit. *See* ECF No. 36 at 2. This summary, in turn, states that the plaintiff "may return to DOC," i.e., be transferred out of the Wisconsin Resource Center, but it does not recommend that he be returned to WCI specifically. ECF No. 37-1 at 2, 3. The plaintiff seems to be claiming that because Heintz and Spiegelberg drafted a document stating that the plaintiff could return to the Department of Corrections, he was at liberty to file declarations on their behalf stating that they recommended returning him to WCI. Obviously, he was not at liberty to do that. The declarations purport to be made under penalty of perjury, yet the "release/transfer summary" was not even signed by Heintz and Spiegelberg, much less made under penalty of perjury. Moreover, the summary does not mention WCI but rather only states that the plaintiff may be returned to the DOC. In any event, under no circumstances may a litigant create a declaration purporting to be made by another person under penalty of perjury and file it without at least having the person review the declaration and approve it.

4

A court has the inherent power to sanction misconduct in the litigation before it. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Sanctions are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith. *Id.* In the present case, I find that the plaintiff submitted the three purported declarations to this court knowing full well that Kapitzke, Heintz and Spiegelberg did not approve the contents of the declarations or authorize him to file them. In submitting these fabricated declarations, the plaintiff willfully abused the judicial process and conducted the litigation in bad faith. Moreover, after the defendants pointed out this misconduct by filing their motion for sanctions, the plaintiff continued to engage in bad faith by lying about having permission to file the declarations. Particularly egregious is the plaintiff's claim that Kapitzke reviewed the declaration and agreed with its contents when in fact her name is badly misspelled in both the caption and body of the declaration. The plaintiff also exhibits bad faith in his response to the defendant's motion by describing defendants' counsel as being "two bricks shy from a full load." ECF No. 36 at 3. Thus, I find that sanctions are appropriate.

Having decided that sanctions are appropriate, I must identify an appropriate penalty that is proportionate to the wrong. *See, e.g., Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008). The defendants argue that dismissal of this suit with prejudice is an appropriate sanction. *See id.* ("Though 'particularly severe,' the sanction of dismissal is within the court's discretion."). I agree. First, there is no less severe sanction that would be effective in this case. The plaintiff is indigent, and thus a monetary penalty would have no effect. Second, the plaintiff's misconduct is egregious

5

and warrants a hefty penalty. Pro se prisoner litigation is difficult enough to defend against and manage when prisoners conduct the litigation in good faith, and courts cannot tolerate litigants, whether pro se or not, submitting fabricated evidence in support of their claims. Although in this case neither the defendants nor the court were fooled by the plaintiff's fabricated evidence, the plaintiff's actions caused the defendants to expend time and resources investigating the plaintiff's false claims. Moreover, a hefty sanction is warranted to discourage the plaintiff and other pro se litigants from engaging in similar conduct in the future. *See Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (sanction of dismissal serves "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). Finally, once the defendants brought the plaintiff's misconduct to the court's attention, the plaintiff, instead of admitting wrongdoing, lied about his conduct and hurled insults at defendants' counsel. Under these circumstances, dismissal with prejudice is the appropriate sanction.

For the reasons stated, **IT IS ORDERED** that the defendants' motion for sanctions (ECF No. 31) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**, and the Clerk of Court shall enter final judgment.

**IT IS FURTHER ORDERED** that the plaintiff's various motions (ECF No. 19, 30 & 36) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2017.

                                                  s/ Lynn Adelman
                                          LYNN ADELMAN, U.S. District Judge